## HAMILTON DAVIDSON *versus* RUFUS SLOCOMB.

Upon an appeal from the judgment of a justice of the peace, to the Court of Common Pleas, if it appear, that the justice died before extending the record of his proceedings in form, his original minutes containing all the material facts which the record would have comprised, will be regarded as substantially a record.

If, in such case, the appellant is prevented by the death of the justice from producing in court a copy of the whole case attested by the justice, in pursuance of *St.* 1783, *c.* 42, § 6, [Revised Stat. *c.* 85, § 15,] the deficiency may be supplied by a sworn copy.

Assumpsit on an account for the sum of $9·70. The writ was dated August 7th, 1834. It appeared, that the action was originally commenced before Joseph Tufts, Esq., late of Charlestown, deceased, a justice of the peace ; that on the 12th day of September following, judgment was rendered by him in favor of the defendant ; that the plaintiff thereupon claimed an appeal, and subsequently entered into a recognizance with a surety, to prosecute the appeal with effect ; that the action was entered by the plaintiff, at the December term of the Court of Common Pleas in 1834, and continued to the December term of that court in 1835, when it was agreed between the parties, that the action should be referred, and that

judgment should be entered upon the record of the court as ordered by the referee ; and that the referee, having heard the parties, awarded in favor of the plaintiff.

The agreement and award having been filed in the Court of Common Pleas, the plaintiff moved that the award of the referee might be accepted and judgment be rendered thereon. The plaintiff did not produce copies of the writ, judgment, claim of appeal, &c. certified by Tufts ; but he offered to prove, that Tufts, who died in July or August, 1835, never made up any record of his proceedings and judgment in such action, but only made minutes from which the record could have been made up by him if he were living ; and he produced sworn copies of the writ, return and pleadings, and of the minutes of the proceedings before the justice made by him.

The defendant objected to the acceptance of the award, for the following, among other reasons :

1. Because it did not appear, that there was any record of a judgment, made by the justice before whom the case was originally tried.

2. Because the copies of the original writ and other papers in the case were not certified by such justice.

The Court of Common Pleas ruled that the evidence offer ed by the plaintiff was inadmissible for the purpose for which it was produced.

The plaintiff excepted to the ruling of the Court.

*Buttrick*, for the plaintiff, cited 1 Stark. on Evid. 155 ; *Baldwin* v. *Prouty*, 13 Johns. R. 430 ; *Posson* v. *Brown*, 11 Johns. R. 166 ; Bull. N. P. 228 ; *Beal* v. *Langstaff*, 2 Wils. 371.

*Mills* and *E. Smith*, for the defendant, cited *Clap* v. *Clap*, 4 Mass. R. 520 ; *Benn* v. *Borst*, 5 Wendell, 292 ; *Webb* v. *Alexander*, 7 Wendell, 281.

*Jan. 19th, 1837*

WILDE J. delivered the opinion of the Court. Several objections have been taken to the regularity of the proceedings in this case, which, as the plaintiff's counsel allege, have been waived by the submission of the case to the judgment of an arbitrator. But as we are of opinion that none of the objections are well founded, we have not considered the question of the alleged waiver.

*Jan. 21st, 1837.*

<div style="margin-left: ..."></div>

Davidson
*v.*
Slocomb.

It is objected, in the first place, that there is no record of the proceedings before the justice, and of the judgment and appeal therefrom. It is true, that the minutes of the justice are not technically a record ; but they contain all the material parts which the record would comprise, if it were made up at large and in the usual form, and as the record has not been thus extended in form in consequence of the death of the justice, the minutes are to be regarded as substantially a record of the proceedings, and are entitled to the same credit as a record at large would be, if it had been thus made up. The minutes in the journals of the House of Lords are held to be records, and a copy of them is admissible in evidence. *Jones v. Randall*, Cowp. 17 ; Bac. Abr. *Evidence, F.*

It is, in the next place, objected, that the appellant has not produced a copy of the whole case, attested by the justice, as he was bound to do by the *St.* 1783, *c.* 42, § 6. But this he has been prevented from doing, by the death of the justice. The statute does not expressly require, that the copy of the case should be attested by the justice, though undoubtedly such an attestation would be required, if the justice were living. The next best evidence is therefore admissible. This the appellant has produced, namely, sworn copies of the writ, service and pleadings, and of the minutes of the proceedings before the justice, made by him, by which it appears that judgment was rendered, that an appeal therefrom was claimed and allowed, and that the appellant recognized with a surety to prosecute the appeal. That sworn copies are admissible, under the circumstances of this case, we hold to be very clear. They may in all cases be admitted where office copies cannot be had. It is a general rule of evidence, that records may be proved by exemplifications under seal, or by office copies, or by sworn copies. Bac. Abr. *Evidence, F.* The appellant has produced the best evidence that could be obtained, and that is sufficient, and I may add, entirely satisfactory.

The minutes of the justice are entitled to full credit ; and that they have been correctly copied cannot be doubted. *Baldwin v. Prouty*, 13 Johns. R. 430 ; *Posson v. Brown* 11 Johns. R. 166.

*New trial granted.*